IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS FINLEY, | ) | |
| Reg #02903-025 | ) | |
|    Petitioner, | ) | Case No. 2:13-CV-00016 SWW-JTK |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY HAYNES, Warden, | ) | |
| FCI – Forrest City | ) | |
|    Respondent. | | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Thomas Finley for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent has filed responses contending that the Petition should be dismissed. (Doc. Nos. 20, 35).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). In 2008, he was convicted of three counts of using the mail with intent that a murder-for-hire be committed in violation of 18 U.S.C. § 1958(a). *United States v. Finley*, Case No. 4:97-CR-455-SNL (E.D. Mo.). He was sentenced to 216 months' imprisonment (120 months of concurrent imprisonment for the first two counts and 96 consecutive months for the third count). Petitioner objected to the imposition of the consecutive 96 month sentence at his sentencing hearing, but that objection was overruled by the sentencing judge. On appeal, he argued that there was insufficient evidence to support his conviction, that he was entrapped, and that the United States engaged in outrageous conduct in

order to secure his conviction. The Eighth Circuit affirmed the district court's judgment on April 29, 1999. *United States v. Finley*, 175 F.3d 645, 646 (8th Cir. 1999).

Petitioner subsequently began a long string of postconviction attacks that raised the same arguments he currently makes. On April 17, 2000, Petitioner filed a motion under 28 U.S.C. § 2255 in the Eastern District of Missouri claiming ineffective assistance of counsel for failing to challenge the "illegal consecutive sentence" and the "omission of an essential element required to violate the statute." *Finley v. United States*, Case No. 4:00-CV-634-SNL (E.D. Mo.). That motion was denied, and the Eighth Circuit denied Finley's request for a certificate of appealability on February 20, 2001. Finley then filed a series of motions with the district court and court of appeals requesting reconsideration, all of which were denied.

On October 7, 2002, Petitioner attempted to seek relief pursuant to § 2255 a second time, arguing that his sentence was illegal. *Finley v. Olsen*, Case No. 4:02-CV-1523-SNL (E.D. Mo.). That petition was dismissed as successive. On November 29, 2004, he filed another motion seeking § 2255 relief, alleging the conviction was void for lack of jurisdiction, the FBI agent was the only person who violated 28 U.S.C. § 1958(a), his consecutive sentence was unconstitutional, and his enhancement for obstruction of justice was unconstitutional. *Finley v. United States*, Case No. 4:04-CV-1655-SNL (E.D. Mo.). On December 9, 2004, the district court denied his motion as another impermissible successive motion. On December 27, 2004, Petitioner filed yet another § 2255 motion asserting that his conviction and sentence were void. On February 10, 2005, the district court again denied his § 2255 motion. *Finley v. United States*, Case No. 4:04-CV-1818-SNL (E.D. Mo.).

From 2006 to 2011, Petition submitted a litany of filings in his original criminal case, *United States v. Finley*, Case No. 4:97-CR-455-SNL (E.D. Mo.), seeking new opportunities to

have his conviction and sentence reviewed, whether by the district court, the Eighth Circuit Court of Appeals, or the United States Supreme Court. His motions and attempts to appeal were repeatedly denied, and the Eighth Circuit noted that he was "simply trying to circumvent the AEDPA's restriction on filing successive § 2255 motions by creatively titling his action[s]." *Finley v. United States*, 4:09-CV-01339 ERW, 2009 WL 2884755 (E.D. Mo. Sept. 3, 2009); *see also United States v. Finley*, 241 F. App'x 354 (8th Cir. 2007).

Petitioner filed the current petition pursuant to 28 U.S.C. § 2241 in the Southern District of Illinois on December 7, 2011, while incarcerated at FCI-Greenville, but he was subsequently transferred to FCI-Forrest City. The district court found that it did not have personal jurisdiction over Anthony Haynes, the new custodian and respondent, so it transferred the action to this Court.

### Discussion

Petitioner argues that his sentence is illegal because it exceeds the statutory maximum and that he is actually innocent of the crime charged due to the omission of an essential element in the indictment.

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion. The savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir.2004)); 28 U.S.C. § 2255(e). The inmate bears the burden of showing that the remedy is inadequate or ineffective. *Id.*

It is clear that Petitioner is simply trying to avoid the requirements of § 2255, and he does not raise any arguments that he has not raised several times before. "A prisoner cannot raise, in a

§ 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district." *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (quoting *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003)). The only reasons he has given that § 2255 is inadequate or ineffective are that his § 2255 motions have been denied and that he is prevented from filing successive petitions. In order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted).

Petitioner has failed to satisfy his burden, and this action has clearly been brought frivolously. The Court lacks jurisdiction to hear successive petitions without a certificate of appealability, and it reminds Petitioner that he must first seek such a certificate from the Eighth Circuit if he wishes to obtain relief under § 2255. Petitioner is also cautioned that further frivolous actions could result in sanctions under Rule 11 of the Federal Rules of Federal Procedure.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 13th day of October, 2013.

_____
United States Magistrate Judge